Vincent G. DeJONGE, Petitioner,

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

Supreme Court of Kentucky.

Sept. 3, 1976.

PER CURIAM.

Vincent G. DeJonge, a member of the Kentucky Bar Association, seeks review of Formal Advisory Opinion KBA E–130 issued by the Board of Governors of the Kentucky Bar Association rendered November 12, 1975. DeJonge contends that the opinion is contrary to law and the rules of ethics.

DeJonge posed this question to the committee on legal ethics: May a lawyer place a sign identifying himself as a lawyer, outdoors across the street from the building in which he has his office?

The answer of the ethics committee, approved by the Board of Governors was short and to the point, "No!"

The opinion recited the facts relating to DeJonge's problem:

"A lawyer has his office in a building with thirty-six other offices in it. On his office door and the building directory, he is identified as a lawyer. The building is on a main street with no sidewalks or pedestrian traffic. Tenants may not place signs on the outside of the building. The lawyer wants to know if he may place a sign, two feet square with an arrow pointing toward his building.

This question is plainly answered "no" by DR–2–102(A)."

Committee on Legal Ethics
s/James L. Ford, Chairman

On November 12, 1975, the Board of Governors of the Kentucky Bar Association adopted the above as its formal opinion.

Disciplinary Rule 2–102(A)(3) contained in the Canons of Ethics, adopted by the Kentucky Bar Association provides: "A

lawyer or law firm shall not use . . . office signs . . . except that the following may be used if they are in dignified form . . . a sign on or near the door of the office and in the building directory identifying the law office. . . ."

This court has reviewed the record and the contentions of the parties. It is obvious that the sign proposed by DeJonge is not "on or near" the building in which his office is located, as contemplated by DR 2–102(A)(3). DeJonge has presented no compelling reason why the opinion of the Board of Governors should not be affirmed.

Therefore, Advisory Opinion KBA E–130 approved by the Board of Governors of the Kentucky Bar Association is affirmed.

All concur.